# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2017, 11:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Orlando Dejuan Denae Mitchell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 16, 2017 <br><br> Court of Appeals Case No. <br> 71A04-1608-CR-1835 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Paul E. Singleton, Magistrate <br><br> Trial Court Cause No. <br> 71D01-1602-CM-874 |

**Crone, Judge.**

## Case Summary

[1] Orlando Dejuan Denae Mitchell appeals his conviction, following a bench trial, for class A misdemeanor resisting law enforcement. Mitchell asserts that the State presented insufficient evidence to support his conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

[2] The facts most favorable to the conviction indicate that in the early morning hours of February 5, 2016, South Bend Police Department Officer Joshua Brooks was patrolling the area of Miami Street and Indiana Avenue. Officer Brooks was wearing his police uniform and was driving his marked police vehicle. Officer Brooks activated his vehicle's emergency lights and initiated a traffic stop of a red Chevrolet Impala due to a burned-out headlight. The driver of the Impala, Mitchell, pulled the vehicle to the side of the road. Mitchell exited the Impala, turned and made eye contact with Officer Brooks, and then "took off running." Tr. Vol. 2 at 8. Officer Brooks followed Mitchell and yelled, "[S]top, police." *Id*. at 18. However, Officer Brooks eventually lost sight of Mitchell.

[3] Officer Brooks returned to his police vehicle and checked the Impala's license plate and registration. The vehicle was registered to Kiera Shell. Officer Brooks attempted to call Shell, but Shell's grandmother, Jane Hardy, answered the phone. Hardy gave Officer Brooks Mitchell's name and told the officer that Mitchell may be the person who was driving Shell's vehicle. Mitchell is the

father of two of Shell's children, and Shell sometimes allowed him to use her vehicle. On the night in question, Shell left her keys in the vehicle but did not know who had driven it.

[4] The State charged Mitchell with class A misdemeanor resisting law enforcement. Following a bench trial, the trial court found Mitchell guilty as charged and sentenced him to thirty days in jail. This appeal ensued.

## Discussion and Decision

[5] Mitchell contends that the State presented insufficient evidence to support his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[6] To convict Mitchell of his offense as charged, the State was required to prove beyond a reasonable doubt that he knowingly fled from Officer Brooks after Officer Brooks, by visible or audible means, identified himself and ordered Mitchell to stop. *See* Ind. Code § 35-44.1-3-1(a)(3). Mitchell concedes that all the elements of the offense of class A misdemeanor resisting law enforcement were established except for his identity as the perpetrator of the offense.

Specifically, he asserts that "the events took place on a dark night and though the subject vehicle was illuminated and the driver was standing next to the vehicle, the identity of the driver is certainly questionable." Appellant's Br. at 9. Moreover, he points out that Shell was "uncertain" if Mitchell drove her car on the night in question, and that he also presented alibi evidence that he was with Davalta Hassan, the mother of five of his children, at the time of the offense. *Id.*

[7] However, during trial, Officer Brooks positively identified Mitchell as the driver of the Impala who ran from him after he ordered him to stop. Indeed, Officer Brooks was quite confident in his identification and testified that, when Mitchell stepped out of the Impala, the officer's view of him "was great. He was lit up very well by my vehicle. My spotlight was on. All of my overheads were on so the plate was clear, the suspect was clear." Tr. Vol. 2 at 11. This evidence was sufficient to establish Mitchell's identity as the perpetrator of the offense. Mitchell's claims to the contrary amount to a request for us to reweigh the evidence and reassess witness credibility, and we will not. We affirm his conviction for class A misdemeanor resisting law enforcement.

[8] Affirmed.

Baker, J., and Barnes, J., concur.